## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 2022-0009** |
| | ) | |
| **MAXWELL BRYAN, ELVIN BLOICE, and** | ) | |
| **JAHMISHA BETHELMIE** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**Evan Rikhye, Esq.,**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
　　　　*For the United States*

**Lisa L. Brown Williams, Esq.,**
St. Croix, U.S.V.I.
　　　　*For Defendant Maxwell Bryan*

**Juan F. Matos de Juan, Esq.,**
San Juan, Puerto Rico
　　　　*For Defendant Elvin Bloice*

**Miguel Oppenheimer, Esq.,**
San Juan, Puerto Rico
　　　　*For Defendant Jahmisha Bethelmie*

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant Maxwell Bryan's "Notice of Expert Witness" ("Notice") (Dkt. No. 108); the "United States' Motion in Limine Regarding Notice of Expert Witness" (Dkt. No. 115) in which the Government seeks to preclude testimony from Defendant's expert witness due to the alleged insufficiency of the Notice; and "Mr. Bryan's Opposition to the Government's Motion in Limine Regarding Notice of Expert Witness" (Dkt. No. 117). For the reasons that follow, the Court will direct Defendant to supplement the Notice.

Federal Rule of Criminal Procedure 16(b)(C) states in pertinent part that "[a]t the government's request, the defendant must disclose to the government, in writing, [under certain circumstances] the information required by [subsection] (iii) for any [expert] testimony that the defendant intends to use . . . during the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(C)(i).[1] Subsection (iii) states that the disclosure for each expert witness must contain, *inter alia*, "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them." Fed. R. Crim. P. 16(b)(C)(iii). The Advisory Committee notes to Rule 16 explain that the disclosure requirement "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment.

"[F]ailure to provide the required level of detail as to the expert's opinions and the bases, reasons, and sources of those opinions can [ ] lead to preclusion." *United States v. Ulbricht*, No. 14-cr-68, 2015 U.S. Dist. LEXIS 11936, at *14 (S.D.N.Y. Feb. 1, 2015) (finding Rule 16 disclosures insufficient and stating that "while the defense's response contains additional high-level description of the testimony, and the Court might be able to guess as to various opinions, it contains no real opinions, no bases for opinions, no analysis, no methodology."); *see also United States v. Mavashev*, 2010 U.S. Dist. LEXIS 2812 (E.D.N.Y. Jan. 14, 2010) (stating that an expert's testimony "may be excluded if the party has made no attempt at all to describe the bases

---

[1] Federal Rule of Criminal Procedure 16(b)(C)(i) sets forth specific circumstances in which the requirements of subsection (iii) are applicable. The parties do not dispute that the requirements of Fed. R. Crim. P. 16(b)(C)(iii) are applicable here.

and reasons for those opinions" in its disclosure) (citation and internal quotation marks omitted). It is insufficient for a Rule 16 disclosure to merely provide the expert's conclusion, as the bases for the expert's conclusion must also be provided so they may be tested. *United States v. Northington*, No. 07-550-05, 2012 U.S. Dist. LEXIS 97481, at *24-26 (E.D. Pa. July 12, 2012) ("Meaningful rebuttal means being permitted to test not only the conclusions of Defendant's expert, but also the testing procedures used to reach those conclusions."); *United States v. Tuzman*, 2017 U.S. Dist. LEXIS 208410, at *32 (S.D.N.Y. Dec. 18, 2017) ("It was not sufficient to disclose [the expert witness'] baseline conclusions . . .; rather, [Defendant] needed to disclose the formulas or calculations that [the expert] used to reach his conclusions.").

In his Notice, Defendant states his intent to call an expert witness—Mr. Harry C. McCann—to testify on the use of force for corrections officers. (Dkt. No. 108). Defendant attaches to the Notice the expert witness' curriculum vitae, case summary list, and an exhibit titled "Integrated Use of Force Model." *Id*. Defendant states that the expert "will testify that Mr. Bryan's conduct in this case fell within the parameters of the Integrated Use of Force Model." *Id*.

In response to the Notice, the Government filed a "Motion in Limine Regarding Notice of Expert Witness" (Dkt. No. 115), wherein the Government seeks to preclude evidence by Defendant's expert witness on the grounds that Defendant's Notice does not comply with Fed. R. Crim. P. 16(b)(C)(iii). *Id*. at 1-2. Specifically, the Government argues that "[n]othing has been submitted that contains the expert's opinions, the basis of those opinions, or the reasons for them," and that "without the necessary statement of opinions and the basis and reasons for them, the Government is not in a position to raise any related Evid. R. 702 objections or *Daubert* challenges." *Id*. at 2-3.

3

Defendant filed an Opposition to the Government's Motion in Limine (Dkt. No. 117), asserting that the Notice meets the requirements of Fed. R. Crim. P. 16 because it notified the Government that he intends to call an expert; attached the expert's curriculum vitae, a case list, and the Integrated Use of Force Model; and explained that the expert would testify that Defendant's conduct fell within the parameters of the model. *Id*. at 2-3. Further, Defendant states that the Integrated Use of Force Model is the basis for the expert's opinion. *Id*. at 3.

The Court finds that the Notice does not meet the requirements of Fed. R. Crim. P. 16(b)(C)(iii). The Notice states the expert's conclusion that Defendant's conduct fell within the parameters of the Integrated Use of Force Model, but provides no bases or reasons from which that conclusion is derived. While the Integrated Use of Force Model may be the tool that will be used to conduct the analysis from which the conclusion will be drawn, the Model itself does nothing to inform the Government as to the bases or reasons for the conclusion in the absence of an explanation from Defendant. Leaving the Government to guess as to the bases or reasons, or to seek to extract from the Model the rationale for Defendant's conclusion does not "minimize surprise . . . from unexpected expert testimony" nor "provide [the Government] with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment. In short, Fed. R. Crim. P. 16(b)(C)(iii) requires Defendant to provide a summary of the bases and reasons for the expert's conclusions, which would necessarily include an explanation of the expert's methodology and analysis used to arrive at his conclusion. *See United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (affirming district court's exclusion of expert witness testimony because Rule 16 disclosure "did not describe [the expert's] opinions beyond stating the conclusion he had reached and did not give the reasons for those opinions"); *United States v. Rakhit*, No. 1:18cr33, 2020

U.S. Dist. LEXIS 168666, at *33-34 (N.D. Ohio Sep. 15, 2020) (stating that "[t]he single sentence [reciting the expert's] overall conclusions is insufficient;" finding that although the summary cited to certain guidelines, they did not "explain the reasons why [the expert] believes that Defendants' [conduct] satisfy these guidelines and factors;" and directing defendants to supplement their summary of expert opinion); *Ulbricht*, 2015 U.S. Dist. LEXIS 11936, at *14 (rejecting disclosure that contained "no bases for opinions, no analysis, no methodology."). Defendant's Notice falls far short of the required standard.

In view of the foregoing, the Court will direct Defendant to file a supplement to his Notice to correct the deficiencies in order to comply with the requirements of Fed. R. Crim. P. 16(b)(C)(i), (iii).

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that "United States' Motion in Limine Regarding Notice of Expert Witness" (Dkt. No. 115) is **DENIED WITHOUT PREJUDICE** to the extent that it seeks to preclude the testimony of Defendant's expert witness, Mr. Harry C. McCann; and it is further

**ORDERED** that Defendant Maxwell Bryan shall have up to and including **August 18, 2023** to file a supplement to his "Notice of Expert Witness" (Dkt. No. 108) providing the bases and reasons for his expert's opinion pursuant to the requirements of Fed. R. Crim. P. 16(b)(C)(iii).

**SO ORDERED.**

Date:   August 16, 2023

_____/s/_____
WILMA A. LEWIS
District Judge