**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 2022-0009** |
| ) | |
| **MAXWELL BRYAN, ELVIN BLOICE, and** ) | |
| **JAHMISHA BETHELMIE,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Evan Rikhye, Esq.,**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Gabriel J. Villegas, Esq.,**
**Lisa L. Brown Williams, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Maxwell Bryan*

**Juan F. Matos-de Juan, Esq.,**
San Juan, Puerto Rico
    *For Defendant Elvin Bloice*

**Miguel Oppenheimer, Esq.,**
San Juan, Puerto Rico
    *For Defendant Jahmisha Bethelmie*

## ORDER

    THIS MATTER comes before the Court on the United States' "Motion in Limine to Admit Rule 404(b) Evidence" ("Motion") (Dkt. No. 116) and Defendant Maxwell Bryan's Opposition thereto (Dkt. No. 118). This Order memorializes a ruling from the bench denying the Motion at the Pre-trial Conference in this matter held on September 13, 2023.

    In its ruling, the Court concluded that, even assuming there was a permitted non-propensity purpose under Rule 404(b) of the Federal Rules of Evidence for the prior bad act allegedly

committed by Defendant, any probative value of the testimony would be substantially outweighed by the danger of unfair prejudice to Defendant. As described in greater detail in the ruling from the bench—which is incorporated by reference and summarized herein—the Court's conclusion was based on several factors.

First, the probative value of the testimony sought by the United States was diminished because (1) the testimony pertained to one alleged prior bad act and did not form a pattern of conduct by Defendant; (2) the alleged prior bad act occurred six years before the underlying conduct charged in the instant matter and did not, therefore, occur in close proximity to the conduct at issue; and (3) the alleged prior bad act was unsubstantiated. Specifically, the United States represented that aside from the testimony of the proposed witness, there was no investigation, no report, and no findings made by a disciplinary body to substantiate the allegations of the prior bad act.

Second, the proposed testimony of the United States' witness presented a significant danger of unfair prejudice to Defendant because a jury may believe that because Defendant allegedly committed the prior bad act, he was therefore guilty of the conduct charged in this matter. Accordingly, the Court concluded that the prejudicial effect of the United States' proposed testimony substantially outweighed its probative value and was therefore not admissible under Fed. R. Evid. 403 and 404(b) for use in the United States' case in chief.

In view of the foregoing, it is hereby

**ORDERED** that the United States' "Motion in Limine to Admit Rule 404(b) Evidence" (Dkt. No. 116) is **DENIED**.

**SO ORDERED.**

Date: September 14, 2023 _____/s/_____
WILMA A. LEWIS
District Judge